IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 4:06CR3007 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| JOHN R. COONS, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the presentence investigation report in this case. Except for the objection related to possession of the weapons for lawful sporting purposes and collection (filing 24 part 1) and the related motion for departure (filing 24 part 2), there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) I deny the objection (filing 24 part 1) and the motion (filing 24 part 2) for departure. Briefly, my reasons for this decision are these:

  A. The defendant, an intravenous user of methamphetamine, retrieved a 9mm semi-automatic pistol from his safe for the purpose of protecting himself and his family while he was in a drug induced state of paranoia. (PSR ¶ 9.) The defendant does not dispute this fact. The exception for collection and sporting purposes applies only when the weapons are "solely" used for those benign purposes. U.S.S.G. § 2K2.1(b)(2). That was not the case here.

  B. A departure is also unwarranted. Even if most of the weapons were inherited and even if the defendant was a collector or a hunter, the possession of 27 firearms by a mentally unbalanced drug abuser, who has evidenced a willingness to use a weapon for protection when he is abusing controlled substances, presents such a serious threat to police officers and others that, in the exercise of my considered discretion, I refuse to depart (or vary) from the advisory Guidelines.

  (3) Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

  (4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

  (5) Absent submission of the information required by the preceding

paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

September 1, 2006.                    BY THE COURT:

                                                       s/ *Richard G. Kopf*
                                                       United States District Judge